**Ralph J. HENNING**

v.

**UNITED STATES of America.**

**Civ. A. No. 38905.**

United States District Court,
E. D. Pennsylvania.

April 20, 1970.

As Amended May 11, 1970.

N. ·Carl Schwartz and Dragon, Verlin & Galfand, by Jerome R. Verlin, Philadelphia, Pa., for plaintiff.

Louis C. Bechtle, U. S. Atty., Victor Wright, Asst. U. S. Atty., for defendant.

## MEMORANDUM ORDER

HIGGINBOTHAM, District Judge.

The parties to this civil action, alleged to arise under 28 U.S.C.A. § 1346(b) and § 2671 et seq., have stipulated to the "pertinent facts" of the case. Before the Court are the parties competing motions for summary judgment under Rule 56 Federal Rules of Civil Procedure.

The stipulation of facts reveals that on or about October 7, 1963, plaintiff while in the military service of the United States Army had x-rays taken of his chest and lungs at the Seneca Army Depot. The x-rays revealed "moderately advanced active tuberculosis in the right upper lobe." (Stipulation ¶10). Unfortunately, the report of the x-rays prepared by the army doctor "failed to indicate the presence of the tubercular condition." (Stipulation ¶11). On November 14, 1963, plaintiff was separated from the Army and "the discharge procedure was completed." (Stipulation

¶12). Plaintiff was not told that he had tuberculosis and in fact "was issued a certificate indicating * * * that he was considered physically qualified for separation or for re-enlistment without re-examination." (Stipulation ¶15).

Plaintiff was admitted to a V.A. Hospital in September of 1964 and in October of that year he had to undergo a "major" tuberculosis operation—a pulmonary decortication left. He seeks to recover damages growing out of this unfortunate sequence of events from the United States government under the Federal Tort Claims Act. In addition, plaintiff has alleged negligence on the part of the Veterans Administration in connection with the care and treatment he received.

■ Plaintiff's road to recovery of damages from the Government is blocked by an impassable barrier—the doctrine of Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950)—and I must grant the Government partial summary judgment as to all that happened while plaintiff was in the United States Army. His was an in-service, and not a post-service injury, and for the misreading of the x-ray by an Army physician and the consequent aggravation of a tubercular condition there can be no recovery under the Federal Tort Claims Act. "We conclude that the Government is not liable under the Federal Tort Claims Act for injuries to servicemen *where the injuries arise out of or are in the course of activity incident to service.*" Feres v. United States, *supra,* 71 S.Ct. at p. 159. (Emphasis added.) This is our case. The instant case is indistinguishable at law from Feres which is controlling.

Plaintiff's reliance on United States v. Reid, 251 F.2d 691 (CCA 5, 1958), though skillfully advanced, is misplaced. *Reid* does not negative the controlling force of *Feres* for at least two reasons: First, the plaintiff in *Reid* was a federal civilian employee in an Army Hospital and not a soldier; second, the issue in

*Reid* was: when does a claim accrue for purposes of satisfying the statute of limitations? The issue before me—and decided in *Feres*—is otherwise. There is here no question of when a claim accrues; rather the question is: Is the claim one for which the Government can be found liable under the Federal Tort Claims Act? The settled answer, as I have indicated is No.

■ As for plaintiff's claim of negligence on the part of the Veterans Administration in connection with care and treatment, I shall grant plaintiff the full right to amend his pleadings on this issue. As to this issue alone the matter can now proceed to trial.

### ORDER

AND NOW, this 20th day of April, 1970, it is hereby ordered that:

(1) As to all that occurred while plaintiff was in the United States Army —the misreading of the x-ray and the consequent aggravation of his tubercular condition—summary judgment on behalf of the United States of America and against plaintiff is granted.

(2) As to any alleged negligence in connection with the care and treatment plaintiff received from the Veterans Administration, plaintiff is granted twenty (20) days to amend his pleadings in conformance with this memorandum. Upon his failure to do so, the complaint will be dismissed.

### AMENDED ORDER

AND NOW this 11th day of May 1970 paragraph 1 of the Order entered April 20, 1970 is hereby amended to read as follows:

(1) There being no just reason for delay, summary judgment on behalf of the United States of America and against plaintiff is granted as to all that occurred while plaintiff was in the United States Army—the misreading of the x-ray and the consequent aggravation of his tubercular condition.

In all other respects, the said Order of April 20, 1970 is unchanged.